IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EMPLOYERS & LABORERS LOCALS 100 &**, | ) | |
| **397 PENSION, HEALTH & WELFARE AND** | ) | |
| **ANNUITY FUNDS,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number: 19-cv-232 |
| | ) | |
| **COMMONFIELDS OF CAHOKIA PUBLIC** | ) | |
| **WATER DISTRICT,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW, plaintiffs, **Employers & Laborers Locals 100 & 397 Pension, Health and Welfare and Annuity Funds,** by and through their attorneys, Kelly & Kelley, LLC and for their Complaint against defendant, **Commonfields of Cahokia Public Water District,** state as follows:

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132,1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.      Plaintiffs, **Employers & Laborers Locals 100 & 397 Pension, Health and Welfare and Annuity Funds**, are pension, welfare and related joint labor-management funds and bring this action as "employee welfare benefit funds" and "plans", under the laws of ERISA.

3.     Defendant, **Commonfields of Cahokia,** a Public Water District organized under the laws of the State of Illinois that is conducting business in the State of Illinois, and is an employer as defined under ERISA.

4.     An authorized representative of defendant executed a Collective Bargaining Agreement dated July 22, 2012 thereby binding defendant to pay contributions to plaintiffs for employees of defendant within the jurisdiction of plaintiffs.  Said Agreement is attached hereto as Exhibit 1 and incorporated by reference herein.

5.     Exhibit 1 pertinently provides:

**"This Agreement, made and entered into this 22nd day of July, 2012, by and between the Commonfields of Cahokia Public Water DISTRICT, St. Clair County, Illinois, party of the first part, hereinafter referred to as DISTRICT and the "LABORERS' INTERNATIONAL UNION OF NORTH AMERICA", Local 100 of East St. Louis, Illinois, party of the second part, hereinafter referred to as the "UNION"** Please see paragraph 1 of Exhibit 1.

**"The DISTRICT will pay the cost of participation in the Laborers' National (Industrial) Pension Fund and the DISTRICT shall pay $2.47 per hour commencing September 1, 2009, all based on an average of one hundred sixty (160) hours per month.  Contributions will be increased by ten cents ($.10) per hour based on one hundred sixty hours (160) hours for each year of the contract commencing September 1, 2019.  The implementing of the Rehabilitation Plan (Addendum B-Preferred Schedule) will be effective October, 2012."** Please see Section 46 of Exhibit 1.

**"THIS AGREEMENT and provision thereof shall continue in force and be binding upon the respective parties hereto, and their successors and assigns, from July 22, 2012 to July 21, 2017, and from year to year thereafter unless changes by the parties hereto in writing.  Either of the parties hereto desiring change in any SECTION or SECTIONS of the Agreement shall notify the other party in writing of the desired change sixty (60) days prior to July 22, 2017.  After such notice, the AGREEMENT shall be opened up and the change or changes will be considered."** Please see Section 49 of Exhibit 1.

6.      Defendant has not given written notification of its intent to terminate the agreements referenced as exhibit 1.  As such, said agreement remains in effect and the parties are bound to same.

7.      Defendant is obligated to make fringe benefit contributions to plaintiffs, under the terms of the Collective Bargaining Agreement (Exhibit 1).

8.      Between July of 2012 through the present, an authorized representative of defendant requested from various Local Labor Unions that fall within the jurisdiction of plaintiffs, employees for various construction projects awarded to defendant.

9.      Said employees were then provided to defendant from various Local Labor Unions that fall within the jurisdiction of plaintiffs' employees for various construction projects awarded to defendant.

10.     As an employer obligated to make fringe benefit contributions to plaintiffs, defendant is specifically required to do the following:

(a)     To pay monthly contributions to the Funds for each employee of the defendant and to make said contributions in a manner as required by the plaintiffs and payment of said contributions are based upon an hourly rate as stated in the applicable agreements; and

(b)     To make all of its payroll books and records available to plaintiffs for the purpose of auditing same, to determine whether defendant is making full payments as required under the applicable agreements;

(c)     To compensate plaintiffs for the additional administrative costs and burdens imposed by defendant's failure to pay, or untimely payment of contributions, by way of the payment of liquidated damages in the amount of ten percent (10%) of any and all contributions which are not timely received by plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132 (g);

(d)     To pay any and all costs incurred by plaintiffs in auditing defendant's payroll records, should it be determined that defendant was delinquent

in the reporting or submission of all contributions required of it to be made to plaintiffs;

(e)     To pay plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require defendant to submit its payroll books and records for audit or to recover delinquent contributions.

11.     Defendant has breached its obligation to plaintiffs and its obligations under the plans in the following respects:

(a)     Defendant has failed to make payment of contributions and liquidated damages; and

(b)     Defendant has been delinquent in reporting the hours worked by employees.

12.     Upon careful review of all records maintained by plaintiffs, prepared and submitted by defendant, there is one hundred twenty-six thousand eighty-eight dollars and ninety cents ($126,088.90) known to be due and owing from defendant to plaintiffs. Please see the Revised Breakdown of Amounts Due and Owing attached hereto as exhibit 2 and incorporated by reference herein.

13.     The known amounts owed are based upon the defendant's failure to submit all required reports; failure to accurately state all hours for which contributions are due on reports previously submitted; or its failure to file reports or contributions in a timely fashion.

14.     Further, there is the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

15.     Plaintiffs have requested defendant to perform its obligations as aforesaid, but defendant has failed and refused to so perform.

16.     Defendant's continuing refusal and failure to perform it obligations to plaintiffs is causing and will continue to cause irreparable injuries to plaintiffs for which plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs, **Employers & Laborers Locals 100 & 397 Pension, Health and Welfare and Annuity Funds**, pray this Court enter Judgment in their favor and against defendant, **Commonfields of Cahokia,** as follows:

(a)     That defendant be enjoined and ordered to submit all delinquent monthly contribution reports to plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(b)     That judgment be entered in favor of plaintiffs and against defendant for all unpaid contributions, liquidated damages, any costs of auditing defendant's records, accrued interest, and plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(c)     Judgment be entered against defendant and defendant be decreed to pay to the plaintiffs a sum of one hundred twenty-six thousand eighty-eight dollars and ninety cents ($126,088.90), plus whatever sums are determined to be due;

(d)     That defendant be decreed to pay the plaintiffs its reasonable lawyers' fees, together with its costs of suit; and

(e)     That plaintiffs have such further relief as may be deemed just and equitable by the Court, all at defendant' cost.

By:     _/s/ Chet A. Kelly_____
          Chet A. Kelly
          #6296905

Kelly & Kelley, LLC
Attorney's for Plaintiffs
6 E. Washington St.
Belleville, IL 62220
(618) 234-7977
Kelly.chet@gmail.com